FORMER EMPLOYEES OF HEALTH-TEX, INC., PLAINTIFF *v.*
U.S. SECRETARY OF LABOR, DEFENDANT

Court No. 90–04–00215

▆▆▆▆▆▆▆▆▆▆▆▆

(Decided August 27, 1990)

*Gunther Eichholz, pro se,* for plaintiffs.
*Stuart M. Gerson,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, (*Velta A. Melnbrencis*); United States Department of Labor (*Gary Bernstecker*), for defendant.

DiCARLO, *Judge*: Three former employees of the Patternmaking Department of Health-Tex, Inc. move pursuant to Rule 56.1 of the Rules of this Court to challenge the decision of the Secretary of Labor denying certification for trade adjustment assistance benefits under 19 U.S.C. § 2272 (1988). This Court has jurisdiction under 19 U.S.C. § 2395 (1988) and 28 U.S.C. § 1581(d)(1) (1988).

### DISCUSSION

Trade adjustment assistance is available to workers separated from employment when the Secretary of Labor determines, *inter alia,*

> that increases of imports like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.

19 U.S.C. § 2272(a)(3) (1988). Labor denied plaintiffs' petition for trade adjustment because it did not satisfy this requirement.

To qualify for benefits, the statute requires a causal nexus between increased import penetration and the workers' separation. *Former Employees of R.L.D. Dress Co. v. United States,* 14 CIT 384, Slip Op. 90–57 at 2 (June 14, 1990) (citing *Retail Clerks Int'l Union v. Donovan,* 10 CIT 308, 311 (1986)). A causal nexus exists where there is a "direct and substantial relationship between increased imports and a decline in sales and production." *Estate of Finkel v. Donovan,* 9 CIT 374, 382, 614 F. Supp. 1245, 1251 (1985).

Labor found the responsibilities of the patternmaking facility that formerly employed plaintiffs were transferred from New York to a facility in Charlotte, North Carolina. A.R. 27; *see also* Plaintiff's Pro Se

Memorandum In Opposition To Defendant's Memorandum In Support of Motion For Judgment 1. The record indicates this transfer was part of a cost-cutting plan designed to allow Health-Tex to meet debts associated with its management's acquisition of the company through a leveraged buyout. A.R. 43.

Separations resulting from any factor other than the increased import penetration of "articles like or directly competitive" with articles produced by plaintiffs do not meet the statutory requirements for certification. *Bunker Ltd. Partnership v. Brock*, 12 CIT 420, 687 F. Supp. 644, 647 (1988) (quoting *Finkel*, 9 CIT at 383, 614 F. Supp. at 1252 (1985)); *Cherlin v. Donovan*, 7 CIT 158, 164, 585 F. Supp. 644, 648 (1984). The transfer of a corporate function for reasons not associated with import penetration does not entitle workers to certification for trade adjustment assistance.

Trade adjustment assistance was not intended to provide benefits to all workers separated from employment in industries facing intense foreign competition. *Former Employees of CSX Oil & Gas Corp. v. United States*, 13 CIT 645, 720 F. Supp. 1002, 1006–07 (1989). To qualify for benefits, separated workers must satisfy the requirements of 19 U.S.C. § 2272(a) (1988). This often results in the denial of benefits to plaintiffs in beleaguered industries. *See Pemberton v. Marshall*, 639 F.2d 798, 800 (D.C. Cir. 1981) ("The benefits of the Act are not universal and some hardship may result.").

CONCLUSION

The findings of the Secretary of Labor must be upheld if they are supported by substantial evidence on the record. 19 U.S.C. § 2395(b) (1988). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Matsushita Elec. Indus. Co. v. United States*, 3 Fed. Cir. (T) 44, 51, 750 F.2d 927, 933 (1984) (quoting *Universal Camera Corp., v. NLRB*, 340 U.S. 474, 477 (1951); *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court finds Labor's negative determination to be supported by substantial evidence on the record and in accordance with law. Accordingly, judgment is entered in favor of the defendant.